of SARA DADE BYLES COMFORT, Deceased, Appellants; CHARLES H. VAN BUREN and C. H. VAN BUREN & Co., Respondents.* — Decree of the Surrogate's Court of Queens county unanimously affirmed, with costs against appellants, executors, payable out of the estate. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

In the Matter of the Petition of the COUNTY OF SUFFOLK for the Purpose of Acquiring Lands in the Towns of Babylon, Huntington and Southold, Suffolk County, New York, Required or Necessary for or Incidental to the Construction of the Greenport-Orient Point Highway, or Necessary for or Incidental to the Construction of the Southern State Parkway and Northern State Parkway, or Incidental to the Separation of the Grades at the Intersection of Said State Parkways and County, Town or Village Roads, Highways or Streets. EMMA L. BEEBE and Others Appearing Specially, and ANDREW J. BEEBE, an Infant, etc., by NATHAN O. PETTY, Guardian ad Litem, Appellants; COUNTY OF SUFFOLK, Respondent.— Order of the County Court of Suffolk county denying motion to vacate and set aside order dated June 30, 1931, affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

In the Matter of the Application of ALLAN D. WIGHTMAN, Appellant, for a Mandamus Order against WILLIAM FOSTER, as Building Commissioner of the Village of Peekskill, N. Y., Respondent.— Order denying motion for a peremptory mandamus order and directing the issuance of an alternative mandamus order reversed on the law, with costs, and motion for peremptory mandamus order granted as a matter of law and not in the exercise of discretion, with costs. On the facts here shown, the petitioner clearly was entitled to his permit. The change proposed to be made in the use of the property by the owner is such a slight variation from the existing use thereof as to cause no interference with the health, safety and welfare of persons living in the vicinity under the circumstances shown by the record. The refusal to grant a building certificate indicates a purpose to adhere too closely to the strict terms of the ordinance without giving sufficient consideration to the owner's prior use, his present plans and needs, and the likelihood that there will be no injury to the general zoning plan. Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., concurs in result; Kapper, J., dissents and votes to affirm.

WILLIAM R. JACKSON, Respondent, v. ALICE SMART, Appellant.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

KELVINATOR SALES CORPORATION, Respondent, v. ABRAHAM RABINOWITZ, Appellant.— Order reversed on the law and the facts, and motion granted, without costs, on the ground that Westchester county is the proper county for trial and that we will take a liberal view of the defendant's affidavits in respect to his place of residence at the time of the commencement of the action. Only twenty-six days intervened between the commencement of the action and the verification of the defendant's affidavit stating the place of his residence. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.

LARATOGA WET WASH LAUNDRY, INC., Appellant, v. MAX WEINSTEIN, Respondent.— Order denying motion for an injunction *pendente lite* affirmed, with ten dollars costs and disbursements, without prejudice to the right of plaintiff to renew the motion if the defendant does not serve his answer promptly and proceed to

* Appeal dismissed, 262 N. Y. ——.